**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| Atlas Uluslararasi Kumanyacilik Ticaret A.S | § | |
| d/b/a Atlas Ship Supply | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION _____ |
| | § | |
| *versus* | § | IN ADMIRALTY, Rule 9(h) |
| | § | |
| "M/V SAM EAGLE," | § | |
| her equipment and appurtenances, | § | |
| and freights, | § | |
| | § | |
| Defendant, *in rem.* | § | |
| | § | |
| *and* | § | |
| | § | |
| SPV SAM Eagle, Inc., | § | |
| | § | |
| Defendant*, in personam*, | § | |
| | § | |
| And | § | |
| | § | |
| The Master of the M/V SAM EAGLE, | § | |
| | § | |
| Garnishee. | § | |

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUANCE OF**
**WARRANT FOR ARREST OF VESSEL AND**
**PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

Atlas Uluslararasi Kumanyacilik Ticaret A.S d/b/a Atlas Ship Supply ("Atlas") brings

this action against the M/V SAM EAGLE ("Vessel"), in rem and SPV SAM Eagle, Inc.  ("SEI")

*quasi in rem* pursuant to Supplemental Rules C and B for Certain Admiralty and Maritime

Claims, requesting the issue of a warrant for arrest of the Vessel and issue of writs of maritime

attachment and garnishment and states as follows:

**Jurisdiction and Venue**

1.      This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2.      Venue is proper in this District because the Vessel is or soon will be in this District and the Garnishee is within the meaning of Supplemental Rule B located, can be found, and/or can be served with process in this District.

3.      Venue is also proper in this District because Defendant's property, namely, the Vessel, is or soon will be in this District.

4.      Defendant cannot be found in this District within the meaning of Supplemental Rule B.

**The Parties**

5.      The Vessel is an ocean-going vessel calling on Corpus Christi.  Defendant SEI owns the Vessel.  Garnishee is the Master of the Vessel.

6.       Atlas is a ship chandler which provided maritime necessaries, namely, food, clothing, tools, materials and a series of other maritime necessaries (herein, "Necessaries")  to the Vessel on the order of the Vessel's owners, defendant SEI through their designated agent and manager, Venturi Fleet Management SA. (herein, "Agent").

**Facts**

7.      Atlas in February, 2019 and then in June, 2019 provided a range of Necessaries to the Vessel on the order of the Vessel's owner, SEI through its Agent, in the amount of $77,520.15  (EUR 70,607.66).  Atlas' contract with SEI provided that Atlas recover its attorneys' fees and costs of recovery of unpaid and overdue amounts.

8.      Despite repeated demand, neither anyone on behalf of the Vessel including SEI has paid Atlas for the its provision of the Necessaries to the Vessel.

9.     The Vessel and SEI, jointly and severally, is in default of their obligations to pay Atlas and consequently owe Atlas, for the Vessel, at least $77, 520.15  (EUR 70,607.66) plus maritime prejudgment interest and costs, and SEI in addition owes Atlas, Atlas' attorneys' fees and costs of this action, and contractual interest.  These further amounts total or will by the time of final judgment total at least $25,000.

### Count I – Breach of Maritime Contract – Arrest of Vessel, *In Rem*

10.     Atlas incorporates the above paragraphs as if fully set forth herein.

11.     By provision of the Necessaries to the Vessel, Atlas holds a maritime lien *in rem* against the Vessel for the account stated for the Necessaries.

12.     SEI and the Vessel breached its maritime contract with Atlas as set out above. Despite repeated demand, Atlas remains unpaid.

13.     Atlas therefore respectfully requests that this Court issue a Warrant for arrest of the Vessel, *in rem* and demands judgment, as set out more fully below.

### Count II: Maritime Attachment and Garnishment (Rule B) - SEI

14.     Atlas incorporates the above paragraphs as if specifically set forth herein.

15.     Atlas seeks issue of process of maritime attachment so that it may obtain payment for the amounts due to it, including attorneys' fees and costs, from SEI.

16.     No security for Atlas' claims has been posted.

17.     SEI cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to Garnishee the Master of the Vessel.

### Prayer for Relief

WHEREFORE, Atlas prays:

A.      That in response to Count I, this Court issue a warrant of arrest pursuant to Supplemental Federal Rule of Civil Procedure C for the arrest of the Vessel;

B.      That in response to Count I, the Vessel, her engines, tackle, freights, etc. be arrested pursuant to Supplemental Rule C to the extent of $77,520.15  (EUR 70,607.66) plus maritime prejudgment interest and costs, the amount of plaintiff's total maritime liens against her as alleged above;

A.      That in response to Count II, since Defendant SEI cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of SEI's tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure Atlas's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

B.      That further as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D.      That in response to Count I, judgment be entered against the Vessel and in favor of Atlas in the amount of at least $77,520.15 (EUR 70,607.66) plus maritime prejudgment interest and costs;

D.      That in response to Count II, judgment be entered against the Vessel and in favor of Atlas in the amount of at least $77,520.15 (EUR 70,607.66) plus contractual interest, attorneys fees and costs presently estimated to be at least $25,000 (total, at least $102,520);

C.      That this Court award Atlas such other and further relief that this Court deems just

and proper.

Dated:  September 12, 2019.

/s/ *J. Stephen Simms*
J. Stephen Simms (*pro hac vice* pending)
Simms Showers LLP
201 International Circle, Suite 250
Baltimore, Maryland 21030
Telephone:      410-783-5795
Facsimile:       410-510-1789
jssimms@simmsshowers.com

Attorneys for Atlas Uluslararasi Kumanyacilik
Ticaret A.S d/b/a Atlas Ship Supply

## <u>VERIFICATION</u>

I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf.  I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District, and of the Texas Secretary of State.  There is no record of any general or resident agent authorized to accept service of process for defendant SEI in this District.

Pursuant to 28 U.S.C. § 1746(1), I certify under penalty of perjury that the foregoing is true and correct.

Executed on September 12, 2019.

/s/ *J. Stephen Simms*
J. Stephen Simms